UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEHINDE AYOOLA,

                Plaintiff,

        - against -

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION (HHC), RICHARD BRANAN,
M.D., and VIDYA M. REDDY, M.D.,

                Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
13-CV-7295 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff Kehinde Ayoola commenced this action on December 23, 2013, alleging medical malpractice and violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a)–(b), against defendants New York City Health and Hospitals Corporation, Richard Branan, M.D., and Vidya M. Reddy, M.D. (Compl. (Doc. No. 1).) Defendant Branan now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Def.'s Mot. J. (Doc. No. 44).) Ayoola opposes the motion. (Pl.'s Opp'n (Doc. No. 43).) For the reasons below, Branan's motion is denied.

## BACKGROUND

        On October 4, 2012, plaintiff Kehinde Ayoola presented for treatment at the Emergency Department at Kings County Hospital Center, run by defendant New York City Health and Hospitals Corporation ("HHC"). (Am. Compl. (Doc. No. 27) at ¶ 18; Pl.'s Opp'n at 4.) Ayoola complained of a severe headache. (Am. Compl. at ¶ 42; Pl.'s Opp'n at 4.) She was treated by defendant Richard Branan, M.D., among other treatment providers. (Am. Compl. at ¶¶ 18, 36, 43.) Dr. Branan, a neurosurgeon, ordered a CT scan, which demonstrated that Ayoola had a paratentorial subdural hematoma. (*Id.* at ¶¶ 40, 44–45.) Nevertheless, shortly after midnight on

1

October 5, 2012, Ayoola was discharged over the objections of her family that Ayoola was in severe pain, had shortness of breath, and was slurring her speech. (*Id.* at ¶¶ 46–47.) Later the same day, Ayoola was rushed to North Shore Hospital where she underwent surgery. (*Id.* at ¶ 49.)

On December 23, 2013, Ayoola initiated this lawsuit against HHC and her treatment providers, listed as John Does, alleging that she was negligently discharged without her medical condition being stabilized. (Compl. at ¶¶ 30–36.) In March 2015, Ayoola amended her complaint to include her primary care physician. (First Am. Compl. (Doc. No. 16)).) While Ayoola could have added Branan at the same point, it appears that the parties were trying to reach an agreement as to whether or how to add the defendant physicians associated with HHC. (3/5/15 Minute Entry (Doc. No. 15) at ¶ 2; Pl.'s Opp'n at 5.) On July 10, 2015, Judge Pohorelsky granted Ayoola 14 days to file and serve an amended complaint on "the neurosurgeon previously named as 'John Doe.'" (7/10/15 Minute Entry (Doc. No. 26) at ¶ 2 (entered 7/14/15).) On July 29, 2015, Ayoola filed the operative Amended Complaint, naming defendant Branan. (Am. Compl.) Ayoola then served Branan through HHC after HHC informed Ayoola in writing that Branan consented to service at their Office of Risk Management. (Pl.'s Opp'n at 6.)[1] Branan now argues that all claims against him are barred by the two and a half year statute of limitations on medical malpractice claims, which expired on April 5, 2015.

## STANDARD OF REVIEW

Judgment on the pleadings is appropriate only where all material facts are undisputed and "a judgment on the merits is possible merely by considering the contents of the pleadings." *Mennella v. Office of Court Admin.*, 938 F. Supp. 128, 131 (E.D.N.Y. 1996), *aff'd,* 164 F.3d 618

---

[1] It appears the same representation was made by the parties to Judge Pohorelsky. (7/29/15 Minute Entry (Doc. No. 29) at ¶ 1 ("Counsel for [HHC] is authorized to accept service and accordingly service shall be made forthwith.").)

(2d Cir. 1998) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).  In all other respects, a motion brought pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a motion under Rule 12(b)(6).  *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).  Thus, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund,* No. 12-CV-5559, 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014).

The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the favor of the plaintiff.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  In order to withstand defendant's motion, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  But "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which could entitle the plaintiff to relief, the court cannot grant a defendant's motion for a judgment on the pleadings."  *Mennella*, 938 F.Supp. at 131 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)); *cf. Al-Kaysey v. L-3 Servs. Inc.*, No. 11-CV-6318, 2013 WL 5447686, *8 (E.D.N.Y. Sept. 27, 2013).

## DISCUSSION

At issue is whether Ayoola's Amended Complaint, substituting Branan for John Doe, may be considered timely filed. The limitations period for medical malpractice claims is two and a half years. CPLR § 214-a. Because the alleged malpractice took place on October 4 and 5, 2012, the limitations period expired on April 5, 2015. Ayoola's original Complaint, filed on December 23, 2013, falls within this period; however, the operative Amended Complaint, filed July 29, 2015, does not. For the reasons below, the Court finds the Amended Complaint relates back to the filing of the original Complaint so that it may be considered timely filed.[2]

An amended complaint, filed outside of a statute of limitations period, is considered timely if it "relates back" to the original complaint. *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001); *see* Fed. R. Civ. P. 15(c). Pursuant to Federal Rule of Civil Procedure 15(c)(1)(A), an amended pleading relates back to the original complaint when the law that provides the applicable limitations period allows for relation back. In this case, the applicable state law is CPLR § 203(b). Under New York state law, "for a claim asserted against a new defendant to relate back to the date the claim was filed against another defendant, the plaintiff must establish that (1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties,

---

[2] Absurdly, Branan suggests that Ayoola's Amended Complaint is barred by the statute of limitations because it was allegedly filed five days outside the window set by Judge Pohorelsky – a window that opened between July 10 and July 24, 2015. (Def.'s Mot. J. at 4.) This argument suggest that the Magistrate Judge opened a fourteen day window for Ayoola to sue Branan more than three months after the statute of limitations expired on her claims. This explanation blinks reality. Further, it is of no moment here given the Court's conclusion that the Amended Complaint relates back to the filing of the original Complaint.

the action would have been brought against him or her as well." *Roseman v. Baranowski*, 120 A.D.3d 482, 484 (2014).

The parties do not dispute that the first and third prongs of the relation back analysis are satisfied.[3] (Def.'s Mot. J. at 7; Pl.'s Opp'n at 11, 13.) Accordingly, the Court focuses its analysis on the second prong – whether Branan is united in interest with HHC.

"In malpractice actions, the defendants are considered united in interest when one is vicariously liable for the acts of the other." *Schiavone v. Victory Mem'l Hosp.*, 292 A.D.2d 365, 366 (2002) (internal citation omitted); *see also Austin v. Interfaith Med. Ctr.*, 264 A.D.2d 702, 704 (1999). "Hospitals are vicariously liable for the negligence of an independent contractor emergency-room physician where the patient enters the emergency room seeking treatment from the hospital rather than a specific physician of the patient's own choosing." *Schiavone*, 292 A.D.2d at 366; *see also Lorenz v. Managing Dir., St. Luke's Hosp.*, No. 09-CV-8898, 2010 WL 4922267, at *11 (S.D.N.Y. Nov. 5, 2010), *report and recommendation adopted,* 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010) ("[U]nder New York law, hospitals are vicariously liable for the physicians who provide care to their emergency room patients provided that a patient has not entered the hospital in order to receive treatment from a specific physician.").

Here, the hospital may be held vicariously liable for Branan's negligence because Ayoola entered the hospital on the relevant dates seeking emergency treatment rather than treatment from Branan specifically. It is irrelevant that Branan was not an employee of HHC at the time of treatment. *See Austin*, 264 A.D.2d at 704 ("The Hospital is vicariously liable for the malpractice of Dr. Sabir, an emergency room physician, even though he was an independent contractor with

---

[3] Branan makes an argument related to the timing of his notice in relation to Rule 15(c)(1)(C). (Def.'s Reply Br. (Doc. No. 44) at 107 (ECF Pagination).) The Court does not address this argument because it is not relevant to the Court's analysis of the relation back doctrine pursuant to Rule 15(c)(1)(A).

the Hospital at the time of the alleged malpractice, and therefore, their interests are united." (internal citations omitted)).

Branan argues that he is not united in interest with HHC because he has a defense against Ayoola's EMTALA claim, which is not available to HHC. It is true that unity of interest is destroyed when a defendant, served late, may bring a different defense than the timely served defendant. *Connell v. Hayden*, 83 A.D.2d 30, 42 (1981). However, it is simply irrelevant here that Branan has a defense against EMTALA, not available to HHC, because Ayoola does not bring its EMTALA claims against Branan. As such, Branan is united in interest with HHC and the Amended Complaint relates back to Ayoola's original Complaint, filed within the limitations period.

## CONCLUSION

Accordingly, Branan's Motion for Judgment on the Pleadings is denied. This action is committed to the assigned Magistrate Judge for continued supervision of all pre-trial proceedings.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      August 29, 2016

ROSLYNN R. MAUSKOPF
United States District Judge

6